IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUZANNE SIMS,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     ) CIVIL ACTION NO. 00-PWG-1019-S
                                       )
INTERNATIONAL WINE, INC.,              )
                                       )
          Defendant.                   )

## MEMORANDUM OF OPINION

On July 31, 2001 defendant International Wine, Inc., filed a Motion for Summary Judgment which is unopposed. This action is before the magistrate judge pursuant to the written consent of the parties. 28 U.S.C. § 636(c) and LR 73.2.

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each

element of his claim, all other issues of fact become immaterial and the moving party is entitled to

judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*,

898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

The following facts are undisputed. Plaintiff's last day of employment with

defendant was May 25, 1999. On December 21, 1999 plaintiff filed an EEOC charge based on

conduct occurring during the course of her employment with defendant. The EEOC dismissed

plaintiff's EEOC charge "because it was not filed within the time limit required by law."

Defendant has raised the issue of untimeliness, alleging that the EEOC charge was

filed more than 180 days after the allegedly discriminatory events occurred. In *Zipes v. Trans World

Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court

held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite

to suit in federal court [under Title VII], but a requirement that, like a statute of limitations, is

subject to waiver, estoppel, and equitable tolling."

2

After a timeliness issue is raised, plaintiff bears the burden of proving an equitable tolling of the limitations period. *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 661 (11th Cir. 1993). There is no evidence in the record to warrant a finding of equitable tolling. Plaintiff knew or should have known of the alleged discriminatory acts more than 180 days prior to December 21, 1999. Plaintiff complained in her EEOC charge of sexual harassment during her employment with defendant. The 180 day period began to run no later than May 25, 1999, the last day of plaintiff's employment with defendant.

There is no genuine issue as to any material fact. Defendant, therefore, is entitled to judgment as a matter of law. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the _10th_ day of August, 2001.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE